Mr. William D. Gooch Director and Librarian Texas State Library Lorenzo De Zavala State Archives and Library Bldg. Box 12927 Austin, Texas 78711
Re: Whether section 202.004(a) of the Local Government Code prohibits a local government from allowing its auditor or other independent contractor to remove public records to his office (RQ-2035)
Dear Mr. Gooch:
You ask for an interpretation of section 202.004 of the Local Government Code, which provides as follows:
 (a) A local government record may not be sold or donated (except for the purposes of recycling), loaned, transferred, or otherwise passed out of the custody of a local government to any private college or university, private museum or library, private organization of any type, or an individual, except with the consent of the director and librarian and at the expiration of its retention period under the local government's records control schedule.
 (b) Subsection (a) does not apply to a local government record that is temporarily transferred to a person for the purposes of microfilming, duplication, conversion to electronic media, restoration, or similar records management and preservation procedures if the transfer is authorized by the records management officer or custodian.
Local Gov't Code § 202.004 (emphasis added).
This provision is part of the Local Government Records Act, adopted by House Bill 1285 of the 71st Legislature and codified as chapters 201 through 205 of the Local Government Code. Acts 1989, 71st Leg., ch. 1248, § 1, at 4996. House Bill 1285 was designed to establish uniform procedures on the maintenance, preservation, and disposition of local government records and to clarify and expand the authority of the Texas State Library and Archives Commission [hereinafter "the commission"] regarding them. House Comm. on State Affairs, Bill Analysis, C.S.H.B. 1285, 71st Leg. (1989). The "director and librarian" referred to in section 202.004 is the executive and administrative officer of the commission. Local Gov't Code § 201.003(4).
You are concerned about a local government contract with a private firm to perform services, which might, as a practical matter, require the private firm to move public records to its offices. You state, for example, that local governments regularly contract with private auditing firms to audit their payment records to detect overpayment and fraud. See, e.g., Local Gov't Code §§ 103.002 (audit of municipal accounts by outside auditor), 115.031-115.045 (independent audit of county finances). It may be impossible to conduct the audit in the governmental body's offices because the work would interfere with routine business or because it requires data processing equipment not available in the offices of the governmental body. You ask whether section 202.004 prohibits local governments from temporarily moving documents to the offices of an audit firm or other independent contractor for the purpose of carrying on the business of the government.
Section 202.004(a) prevents the local government from selling or otherwise transferring records out of its custody prior to the end of the retention period. This provision does not necessarily prohibit the temporary removal of records from the physical possession of the local government to another entity pursuant to appropriate controls.
"Custody" has a number of different meanings. National Fire Ins. Co. v. Davis, 179 S.W.2d 316 (Tex.Civ.App.-Eastland 1944, writ ref'd w.o.m.). As applied to things, it means "to have in charge or safe-keeping, connotes control, and includes as well, although it does not require, the element of physical or manual possession." Id. at 318 (quoting then 25 C.J.S. Custody at 70, now at 88-89).
Although "custody" is not defined in the Local Government Records Act, it is used in ways that indicate its meaning. For example, records of permanent value not needed in the day-to-day business of the local government may be transferred to the custody of the commission or another local government with appropriate storage facilities. Local Gov't Code § 203.049(a). When the records are transferred, "title and control of the records and all rights pertaining to the records granted by law to the original custodian" are vested in the commission or the local government that receives the records. Id. § 203.049(c). The "custodian" is defined as "the appointed or elected public officer who . . . is in charge of an office that creates or receives local government records." Id. § 201.003(2). Custody of the records changes from an officer to his successor when his term ends. Id. § 201.006.
The transfers referred to in section 202.004(a) are, in our opinion, transfers that relinquish control of and authority over the records. The bill analysis refers to this provision as a prohibition against "alienation" of records. House Comm. on State Affairs, supra. The transfers referred to in this provision could alienate, or transfer title of, the records from the governmental body to another entity. It is thus appropriate that such changes of custody occur only at the expiration of the records retention period and only with the consent of the director and librarian of the commission.
The prohibition on lending local government records to a college, university, or other entity, may reflect the legislature's determined intent to end a prior practice of loaning public records to such institutions. Other provisions of the Local Government Records Act address this issue.
A now repealed statute, formerly codified as article 260, V.T.C.S., provided as follows:
 County Commissioners and other custodians of public records are hereby authorized, in their discretion, to lend to the Library of the University of Texas, for such length of time and on such conditions as they may determine, such parts of their archives and records as have become mainly of historical value.
Acts 1921, 37th Leg., ch. 43, § 2, at 94; see also Educ. Code §51.903 (authorizing custodians of public records to lend them to state supported institutions of higher education).
House Bill 1285 amended article 260 to apply to a "custodian of government records, except for a custodian of local government records," and recodified it as section 441.026 of the Government Code. Gov't Code § 441.026 (emphasis added). The same bill adopted a criminal penalty for a "private college or university, a private museum or library, a private organization of any other type, or an individual" that knowingly or intentionally acquires or possesses local government records. Local Gov't Code §202.009(a).[1] Thus, the loan of public records was viewed as a problem to be addressed by House Bill 1285. This kind of transfer, while not intended to be permanent, removed the records from the control of the governmental body to the benefit of the recipient.
Accordingly, we read section 202.004(a) as not prohibiting a governmental body from temporarily moving records into a private firm's offices to use in performing services for the government, subject to the services being performed pursuant to a contract that provides for adequate control of access to and protection of the documents while they are physically located at the private firm's offices. Although subsection 202.004(b) reads as if it is an exception to subsection (a), it in fact deals with temporary transfers that would not in any case be a loan or alienation of records as prohibited by subsection (a). Subsection (b) makes it clear that records may be physically removed from the offices of the local government to carry out various records management and preservation procedures authorized elsewhere in the act. See Local Gov't Code chs. 204 (micro-filming), 205 (conversion to electronic media).
Section 202.004 does not prohibit the temporary transfer of records you inquire about, nor does it expressly authorize it. We believe the governing body of the local government may authorize such transfers under the "active and continuing program for the efficient and economical management of all local government records" that it is required to establish. Local Gov't Code §203.021(1). See also id. § 203.026 (records management program to be established by ordinance or order by January 1, 1991). It must also designate a records management officer to administer the program.[2] Id. §§ 203.025, 203.026. The custodian of records is required to cooperate with the records management officer in carrying out records management procedures. Id. § 201.003(2), 203.002. Under this authority, the governing body may establish procedures and conditions for the temporary removal of public records from the physical possession of the custodian to the offices of a private firm pursuant to a contract to perform services for the local government.
 SUMMARY
Section 202.004 of the Local Government Code neither prohibits nor authorizes the temporary removal of public records from the physical possession of the custodian to the offices of a private firm pursuant to a contract to perform an audit or other services for the local government. However, the governing body may establish procedures and conditions for such temporary removal of records in the program it is required to establish pursuant to section 203.021(1) of the Local Government Code for the "efficient and economical management" of local government records.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Susan Garrison Assistant Attorney General
[1] We do not address any questions of interpreting this provision, which makes conduct by a private institution subject to Class A misdemeanor punishment.
[2] An elected county officer is the records management officer for the records of his office. Local Gov't Code § 203.001.